UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THACH NGUYEN (A-Number: 025-049-953),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-5167-DAD-JDP

FINDINGS AND RECOMMENDATIONS

An immigration judge ordered petitioner removed in March 2017. On May 30, 2017, ICE released him an on order of supervision after being unable to remove him from the United States. In February 2026, ICE re-detained petitioner for purposes of removal. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and 8 U.S.C. § 1231(a)(6), since his removal is not reasonably foreseeable. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

On August 13, 1980, petitioner was admitted to the United States as a lawful permanent resident. ECF No. 5-1 at 3. On March 1, 2017, an immigration judge ordered petitioner removed to Vietnam. ECF No. 5-6. Immigration authorities held petitioner in custody until May 30, 2017,

when they released him on an order of supervision, as they were unable to remove him. ECF No. 5-7.

Immigration authorities re-detained petitioner on February 19, 2026, after encountering him at a local jail after petitioner was arrested for trespassing. ECF No. 5-8 at 2. On July 16, 2026, a deportation officer stated that ICE is "in the process of obtaining a travel document for Petitioner." ECF No. 5 at 4.

**Procedural History**

Petitioner filed a pro se petition for writ of habeas corpus on July 6, 2026. ECF No. 1. Respondent filed an answer and a declaration by a deportation officer with supporting exhibits on July 20, 2026. ECF Nos. 5 & 6. On August 5, 2026, the court ordered the appointment of counsel and permitted counsel to file an amended petition. ECF No. 7. Counsel filed a first amended petition on August 25, 2026. ECF No. 9. On September 8, 2026, the court ordered respondent to answer the first amended habeas corpus petition. ECF No. 10. On September 14, 2026, respondent notified the court that it elected to stand on its previously filed pleadings as an answer to the first amended petition. ECF No. 12.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner asserts that his removal is not reasonably foreseeable under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and thus his continued detention is no longer authorized by statute. ECF No. 9 at 25. Respondent argues that its detention of petitioner under 8 U.S.C. § 1231(a)(6) is reasonable under *Zadvydas* because he is likely to be removed in the reasonably foreseeable future. ECF No. 6 at 2.

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal. Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. The Supreme Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701. After the first six months of detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Respondent concedes that ICE has detained petitioner beyond the 90-day statutory removal period provided in 8 U.S.C. § 1231(a)(2) and is currently detaining petitioner under section 1231(a)(6). *See* ECF No. 6 at 1. On July 7, 2026, respondent stated that petitioner "has been in immigration custody for only about five months." *Id.* at 3. However, respondent did not consider that petitioner was held for three months in 2017 prior to being released on an order of supervision when ICE was unable to remove him.[1] ECF No. 5 at 3. Even without consideration

[1] The six-month presumptively reasonable time-period under *Zadvydas* "does not reset when the government detains [a non-citizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *1 (E.D. Cal. May 19, 2026) (quoting *Sied v. Nielsen*, No. 17-cv-6785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018)); *see also Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.").

of that time, in 2026 alone, ICE has detained petitioner for over six-month period presumed reasonable under *Zadvydas*.

Once the six-month presumptively reasonable period is over, petitioner must only "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to shift the burden to the government, which "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Petitioner was previously released on an order of supervision, "because his removal to Vietnam could not be finalized in 2017." ECF No. 9 at 27. In February 2026, ICE had not "secured travel documents necessary from removal from the United States." *Id.* at 9. Five months after that re-detention, ICE still had not secured a travel document. *See id.* at 27; ECF No. 5 at 4.

The court finds that petitioner has given "good reason to believe" that there is no significant likelihood that respondent will be able to remove him in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Accordingly, the burden shifts to respondent to provide evidence to rebut that showing. Respondent claimed on July 20, 2026, that ICE "is acquiring a travel document." ECF No. 6 at 3. On July 16, 2026, a deportation officer stated that ICE "is in the process of obtaining a travel document for Petitioner." ECF No. 5 at 4. On September 14, 2026, respondent stated that DHS "requested travel documents from Vietnam for petitioner." ECF No. 12.

Respondent has not provided sufficient evidence for the court to determine that there is a substantial likelihood of petitioner's removal within the reasonably foreseeable future.[2] *See Andreasyan v. Gonzales*, 446 F. Supp. 2d 1186, 1189 (W.D. Wash. 2006) (finding that evidence that the petitioner's case was "still under review and pending a decision" was insufficient to rebut *Zadvydas* claim); *Islam v. Kane*, No. 11-cv-515- PGR-LOA, 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4374205 (D. Ariz. Sept. 20,

---

[2] In September 2026, the court ordered respondent to file an answer to the first amended petition and attach any documents necessary for resolving the issues in the petition. ECF No. 10. At that point, petitioner had been detained over six months this year alone. Respondent indicated it would stand on its prior pleadings and confirmed that ICE has requested a travel document. ECF No. 12.

2011) (finding that repeated statements from a foreign consulate that the travel document request remained pending was insufficient); *Khader v. Holder*, 843 F. Supp. 2d 1202, 1208 (N.D. Ala. 2011) (finding that pending travel document request is insufficient, where "[t]he government offers nothing to suggest when an answer might be forthcoming or why there is reason to believe that he will not be denied travel documents").

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. I find that the evidence before me shows no significant likelihood of removal in the reasonably foreseeable future. As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful.[3] *See Aaron H.*, 2026 WL 139890, *2; *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 025-049-953) from their custody subject to the previously-imposed conditions of release, if any.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge

[3] Respondent attaches petitioner's rap sheet and criminal history documents. *See* ECF Nos. 5-2 & 5-3. The Ninth Circuit has held that "dangerousness cannot justify indefinite detention under *Zadvydas*." *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004); *see also Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE